UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| **Ledge Lounger, Inc.**<br><br>   **Plaintiff,**<br><br>v.<br><br>**Global Lift Corp.,**<br>**d/b/a Global Pool Products,**<br><br>   **Defendant.** | Case No: 24-cv-11267<br><br>Hon. Thomas L. Ludington<br><br>Magistrate Judge Patricia T. Morris |

**Stipulated Order Regarding ESI Production Specifications**

Plaintiff Ledge Lounger, Inc. ("Ledge") and Defendant Global Lift Corp. ("Global") (together, the "Parties"), by and through their respective counsel, hereby agree to the following protocol ("Protocol") for the production of documents.

1. **PURPOSES AND LIMITATIONS**

This Protocol is intended to provide for effective and efficient discovery in accordance with the Federal Rules of Civil Procedure. Nothing in this Protocol is intended to alter, expand, or affect any party's rights or obligations under any order by the Court or the Federal Rules of Civil Procedure. In addition, nothing in this Protocol constitutes an admission by any party that any particular category of discovery is appropriate in this Action or that there exists discoverable ESI.

2. **DEFINITIONS**

   2.1   Action: the above-captioned matter.

2.2 <u>Document:</u> a collection of pages or file(s) constituting a logical single communication of information produced or inspected as a single record pursuant to Federal Rules of Civil Procedure 26 and 34, including hard copy and electronically-stored information.

2.3 <u>Electronically-Stored Information or "ESI":</u> information or data that is originally created, edited, used, communicated, and stored in digital format.

2.4 <u>Native Format or Native File:</u> the associated file format defined by the original application with which an electronic file was created.

2.5 <u>Hard Copy Document:</u> any Document kept in physical, paper form, as opposed to electronic form, in the usual course of business.

2.6 <u>Metadata:</u> (i) information embedded in or associated with a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File which describes the characteristics, origins, usage or validity of the electronic file or (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

2.7 <u>Bates number:</u> a page-level unique alpha-numeric identifier associated with every document produced, including physical sheets of paper, electronically-stored TIFF images, or other tangible things, consisting of (1) an alphabetic portion

identifying the Producing Party and/or other characteristics of the production; and (2) a numeric portion incremented according to a scheme defined at the Producing Party's discretion to ensure that the alphanumeric identifier for each page of physical sheets of paper, electronically-stored TIFF images, or other tangible thing is unique. Document-level Bates numbers may be appropriate in limited circumstances such as the production of native files.

2.8   <u>Extracted Text:</u> the text extracted from a Document, and includes all header, footer, and document body information when available.

2.9   <u>OCR Text:</u> searchable text from a Document generated by means of optical character recognition performed using appropriate software.

2.10   <u>Load File:</u> an electronic file containing information identifying a set of paper-scanned images or processed ESI and indicating where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load File should also contain data relevant to the individual Documents, including extracted and user-created Metadata as required by Exhibit A, to the extent available.

2.11   <u>Discoverable Information:</u> all documents and ESI that are discoverable in this litigation pursuant to the Federal Rules of Civil Procedure; that are responsive to specific requests for production; and that are not subject to an objection asserted by the Producing Party.

2.12   Outside Counsel: the attorneys and employees of any external law firm representing a Party in this Action.

2.13   In-house Counsel: the attorneys employed directly by a Party, including staff and other legal professionals acting at their direction.

2.14   Producing Party: a party which is producing Discoverable Information.

2.15   Receiving Party: a party which is receiving Discoverable Information.

2.16   Sensitive Personal Identifying Information: includes information protected from disclosure by specific laws or standards as well as sensitive personal information which is not likely to be relevant to the issues in this matter, including, but not limited to:

- Protected Health Information that is protected from public disclosure by the Health Insurance Portability and Accountability Act of 1996, pursuant to Title 45, Chapter 164 of the Code of Federal Regulations;

- Payment Card Information that identifies payment card details and account numbers of individual consumers; and

- Social Security numbers, driver's license numbers, taxpayer identification numbers, passport numbers, state-issued identification numbers, financial account numbers, and dates of birth.

**3.     COOPERATION AND PROPORTIONALITY**

The Parties agree to meet and confer regarding any disagreements that arise as a result of the implementation of this Protocol. If either Party encounters an issue that the Party believes to justify deviation from this Protocol, that Party shall promptly meet and confer with the opposing Party.

**4.     IDENTIFICATION AND PRODUCTION OF POTENTIALLY DISCOVERABLE INFORMATION**

4.1     <u>Production in Accordance with Federal Rules</u>.  The Parties agree to identify, collect, and produce responsive Documents and ESI in accordance with the Federal Rules of Civil Procedure.

4.2     <u>Searching ESI for Responsive Information.</u> Each Producing Party shall design and implement the methods it uses to identify, cull, and review its potentially responsive ESI based on its knowledge and understanding of its own data, the facts and issues involved in the Action, and the Receiving Party's discovery requests. A Producing Party may apply search terms to appropriate sources and may also conduct a targeted collection of sources likely to contain responsive materials.

4.3     <u>Privacy Redactions</u>.  Producing Parties may redact Sensitive Personal Identifying Information from responsive Documents prior to production. Any Receiving Party who receives Documents including Sensitive Personal Identifying Information shall treat such Documents as Confidential pursuant to the terms of the protective order entered in this matter.

4.4     Phased Production. Producing Parties may phase the production of Documents in accordance with Rule 34 of the Federal Rules of Civil Procedure.

4.5     Deduplication. Each Party shall make reasonable efforts to remove duplicate ESI, including without limitation electronic mail, to reduce unnecessary cost of reviewing and producing duplicative ESI.

4.6     Email Threading. The Parties may use email thread analysis to review responsive documents, but each individually-responsive email must be produced. Furthermore, responsive documents should be provided with full family members (parent emails and attachments), even if some attachments may be nonresponsive, with the exception that parent emails or attachments that may contain information that is otherwise protected may be withheld.

4.6     Review and Production of Hard Copy Documents. Each Producing Party is entitled to collect, scan, and review its Hard Copy Documents before producing only those Documents which are responsive and not privileged or subject to other protection in the document production format described in Exhibit A. In advance of production, the Producing Party may offer the Receiving Party the opportunity to review some or all of its Hard Copy Documents as those Documents are maintained in the ordinary course of business (which shall include any available index to the boxes and files contained therein prepared by the Producing Party) so that the Receiving Party may identify and designate which, if any, of the Documents

it actually wants to select for scanning and production. This advance review shall not constitute a waiver of any privileges or protections. The Producing Party shall have the right to review any selected Documents for privilege, responsiveness, and confidentiality before production.

4.7     Production Format. Where practicable, the Parties shall produce Documents and ESI in compliance with the format specified in Exhibit A attached hereto. To the extent a Producing Party reasonably expects production of specific Documents or ESI in the format described in Exhibit A will be unduly burdensome, the Parties will meet and confer in good faith to attempt to agree on an acceptable format for production pursuant to Federal Rule of Civil Procedure 34(b)(2)(D).

**5.     NON-WAIVER OF PRIVILEGE**

5.1     Producing parties are not required to produce Documents until a protective order is entered in this matter, which includes protections against the waiver of privilege pursuant to Federal Rule of Evidence 502(d).

5.2     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**6.    PREPARATION OF PRIVILEGE LOGS**

6.1    The obligation to provide a log of privileged or work product materials pursuant to Federal Rule of Civil Procedure 26(b)(5) presumptively shall not apply to communications between a Party or its Outside or In-House Counsel dated after November 10, 2023 (the date the Complaint was filed). To the extent an email dated on or prior to November 10, 2023 only relates to litigation strategy or trial preparation and no other topics, a Party is only obligated to provide one log entry per email chain per day. For the avoidance of doubt, documents and communications related to infringement or non-infringement may not be consolidated in this manner. Furthermore, nothing in this paragraph limits the disclosure requirements set out in Fed. R. Civ. P. 26(b)(5).

6.2    The Parties will exchange privilege logs 60 days after the relevant production or 35 days before the close of discovery, whichever is earlier.

**7.    MODIFICATION**

This Protocol may be modified by further agreement in writing by the Parties.

**IT IS SO ORDERED.**

Dated: September 4, 2024        s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge

**THE FOREGOING IS AGREED TO BY THE PARTIES BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD:**

<u>*/s/ Christian T. Wolfgram with permission*</u>
Scott A. Burow
Matthew P. Becker
Christian T. Wolfgram
BANNER & WITCOFF, LTD.
71 S. Wacker Dr., Ste. 3600
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001
sburow@bannerwitcoff.com
mbecker@bannerwitcoff.com
cwolfgram@bannerwitcoff.com

John S. Artz (P48578)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(248) 433-7262
jsartz@dickinsonwright.com

*Attorneys for Plaintiff*
*Ledge Lounger, Inc.*

<u>*/s/Thomas J. Davis*</u>
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
Tel: (248) 645-0000
Fax: (248) 458-4581
tdavis@khvpf.com

Thomas E. Bejin (P56854)
BEJIN BIENEMAN P.L.C.
2000 Town Center, Ste. 800
Southfield, MI 48075
Tel: (313) 528-4882
bejin@b2iplaw.com

*Attorneys for Defendant*
*Global Lift Corp.*

**Exhibit A - Document Production Format**

Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below. Images shall be endorsed with a Bates number at the page level accompanied with text files containing the searchable text and a delimited data Load File containing associated document information and metadata for each document. The original native files shall be preserved.

ESI shall be collected in a manner that preserves metadata to the extent reasonably possible. ESI shall be produced in a format that is reasonably usable to the same extent as the original native file.

The parties shall, to the extent feasible, de-duplicate globally (i.e., across all custodians). Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 algorithms to create and compare hash values for exact matches only. Any document containing handwritten notes, highlighting, alterations, or markings shall not be considered a duplicate of another version and, if responsive, must be produced as an original document. Any duplicate ESI that is not produced shall be preserved.

Specific technical production format details:

- Hard copy paper files may be produced as .PDF; or as black and white 300 dpi TIFF format image files with Group IV compression and one TIFF file per page unless the files must be produced in color in order to be legible, in which instance the files shall be converted to JPEG format image files with 300dpi or higher and 24-bit color depth;

- ESI may be produced as .PDF; or as black and white 300 dpi TIFF format image files with Group IV compression and one TIFF file per page unless the files must be produced in color in order to be legible, in which instance the files shall be converted to JPEG format image files with 300dpi or higher and 24-bit color depth. All images shall be processed to show and reveal track changes, comments, and hidden content in Word documents;

- Parties may produce agreed-upon ESI in native format, such as spreadsheets (e.g., excel, google sheets, OpenOffice, CSV, TSV. etc.) and other files that cannot be converted to image format (such as audio, video, PPT, and XML files). Native files should contain the Bates number and confidentiality designation of the file in the file name. In addition, native files should be accompanied by an image format placeholder. The placeholder should be endorsed with "Native Format Document," and endorsed with the Bates number and confidentiality designation assigned to that document. Any confidentiality or other designations stamped on the placeholder for such a document shall apply to the entire native file and its contents. Wherever feasible, the producing party shall include accompanying metadata in the load file. The parties agree not to remove metadata from a native production but may redact metadata that reveals privileged or protected information.

    Additionally, if after reviewing production of other ESI in a non-native format, a receiving party believes that it is necessary to review a certain document or documents in native format, the parties agree to engage in discussion regarding production of discrete documents in native form, which production will not be unreasonably withheld;

- The parties will meet and confer regarding the production format for any specialized file types;

- Each image file shall be named with its unique Bates number and branded with the Bates number in the lower right corner and confidentiality designation (if any) in the lower left corner on the face of the image that does not cover up any of the document's original text or images;

- One text file per document which contains searchable text for the document shall be provided for all ESI and scanned paper documents. Extracted full text in UTF-8 Encoded format shall be provided for ESI, and OCR Text shall be provided for scanned paper. OCR-generated text should only be used for ESI if Extracted Text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data Load File;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT), or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, and document start identifier to designate the first page of a document;

- All document information and metadata for each document (with the exception of information and metadata related to redacted information) shall be produced in a delimited data Load File with one row for each document produced and shall include the document information and metadata identified in the table below to the extent it is available. All fields listed in the table below will be provided. There is no obligation to create additional fields, or to manually code those that are not automatically populated by the processing of ESI. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows: Field Delimiter = """ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059)

Document Information and Metadata To Be Produced

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| ProdVolume | Integer-Text | Production volume | Production volume | Production volume |
| ProdBeg | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| ProdEnd | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| ProdBegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| ProdEndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| Folder | Text |  | Full file path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph |  |  | Sender of message |
| To | Text – paragraph Separate entries with ";" |  |  | Recipients of message |
| CC | Text – paragraph Separate entries with ";" |  |  | Copied recipients |
| BCC | Text – paragraph |  |  | Blind copied recipients |

|  | Separate entries with ";" |  |  |  |
|---|---|---|---|---|
| Subject | Text - paragraph |  |  | Subject of message |
| Date_Sent | Date (mm/dd/yyyy) |  |  | Date message sent |
| Time_Sent | Time (h:mm am/pm) |  |  | Time message sent |
| Date_Rcvd | Date (mm/dd/yyyy) |  |  | Date message received |
| Time_Rcvd | Time (h:mm am/pm) |  |  | Time message received |
| FileName | Text - paragraph |  | Name of original file including extension | Name of original file including extension |
| FileExtension | Text |  | Extension of original file | Extension of original file |
| Date_Created | Date/Time (mm/dd/yyyy h:mm am/pm) |  | Date file was created |  |
| Date_LastMod | Date/Time (mm/dd/yyyy h:mm am/pm) |  | Date file was last modified |  |
| Title | Text - paragraph |  | Title from document metadata |  |
| Author | Text - paragraph |  | Document author from metadata |  |
| Company | Text - paragraph |  | Document company or organization from metadata |  |
| Confidentiality | Text | Any confidentiality designation asserted on the document | Any confidentiality designation asserted on the document | Any confidentiality designation asserted on the document |
| MD5 Hash | Text |  | MD5 Hash Value of document | MD5 Hash Value of document |
| Time Zone Field | Text |  | Time Zone used to process data | Time Zone used to process data |

- 13 -

| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
|---|---|---|---|---|
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |
| Redacted | Text | Indicates whether the document contains redactions | Indicates whether the document contains redactions | Indicates whether the document contains redactions |