UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Ledge Lounger, Inc.,

Plaintiff,

v.

Global Lift Corp.
d/b/a Global Pool Products,

Defendant.

Case No. 1:24-cv-11267-TLL-PTM

Hon. Thomas L. Ludington

Magistrate Judge Patricia T. Morris

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM FOR RELIEF**

**TABLE OF CONTENTS**


I. ARGUMENT ..... 1

A. Counterclaims III, IV, and V –Cancellation of Trademark Registration ..... 1

1. Counterclaim III – Trademark Cancellation Based on Genericness ..... 1

2. Counterclaim IV – Trademark Cancellation Based on Functionality ..... 2

3. Counterclaim V - Cancellation Based on Fraud ..... 2

B. Counterclaim I – Tortious Interference ..... 4

C. Counterclaim VII – Attempted Monopolization ..... 5

D. Counterclaim II – Abuse of Process ..... 6

E. Counterclaim VI – Fraudulent Registration Under 15 U.S.C. § 1120 ..... 7

II. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Cases**

*Abercrombie & Fitch v. American Eagle Outfitters*,
280 F.3d 619 (6th Cir. 2002) .......... 1

*Adell Broadcasting Corp. v. Panagos*,
2002 WL 31955126 (Mich. App. Dec. 17, 2002) .......... 6

*Alar v. Mercy Mem. Hosp.*,
208 Mich. App. 518 (1995) .......... 4

*Antioch Co. v. W. Trimming Corp.*,
347 F.3d 150 (6th Cir. 2003) .......... 1

*Bath & Body Works, Inc. v. Luzier Personalized Cosms., Inc.*,
76 F.3d 742 (6th Cir. 1996) .......... 1

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4

*DayCab Co., Inc. v. Prairie Tech., LLC*,
67 F.4th 837 (6th Cir. 2023) .......... 2

*ETS Express, Inc. v. Can't Live Without It, LLC*,
Cancellation No. 92066213, TTABVUE 17 (TTAB Jan. 4, 2019) .......... v

*Friedman v. Dozorc*,
412 Mich. 1, 30 (1981) .......... 6

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*,
2014 WL 6452173 (W.D. Wash. Nov. 17, 2014) .......... 5

*Int'l Leisure Prod. Inc. v. FUNBOY LLC,*
747 F.App'x 23 (2d. Cir. 2018) .......... 2

*J.M. Smucker Co. v. Hormel Food Corp.*,
526 F.Supp.3d 294 (N.D. Ohio 2021) .......... 4

*Jackson v. City of Columbus*,
194 F.3d 737 (6th Cir. 1999) .......... 3

*Land Rover Ltd. v. Bombardier Recreational Prods., Inc.*,
2017 WL 2472851 (E.D. Mich. June 8, 2017) .......... 7

*Michigan Division–Monument Builders of N. Am. v. Michigan Cemetery Ass'n*,
524 F.3d 726 (6th Cir. 2008) .......... 6

*Nat'l Hockey League v. Plymouth Whalers*,
419 F.3d 462 (6th Cir. 2005) .......... 5

*New World Sols., Inc. v. NameMedia Inc.*,
150 F.Supp.3d 287 (S.D.N.Y. 2015) .......... 7

*NOCO Co. v. OJ Commerce, LLC*,
35 F.4th 475 (6th Cir. 2022) ........ 4

*Northwestern Corp. v. Gabriel Mfg. Co., Inc.*,
No. 95 C 2004, 1996 WL 251433 (N.D. Ill. May 8, 1996) ........ 4

*Partrich v. Farber*,
2009 WL 4947913 (E.D. Mich. Dec. 14, 2009) ........ 6

*Peisner v. Detroit Free Press,*
68 Mich. App. 360 (1976) ........ 6

*Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc.*,
573 F.App'x 547 (6th Cir. 2014) ........ 1

*Solo Cup Operating Corporation v. Lollicup USA, Inc.*,
Case No. 16 C 8041, 2017 WL 3581182 (N.D. Ill. Aug. 8, 2017) ........ 3

*Steuben Foods, Inc. v. Nestle USA, Inc.*, 2015 WL 1354911 (W.D.N.Y. July 24, 2015)........ 1

*Superior Prod. P'ship v. Gordon Auto Body Parts Co.*,
784 F.3d 311 (6th Cir. 2015) ........ 5

*Techmatic Inc. v. Plating Specialists, Inc.*,
Case No. 3:20-cv-01078, 2022 WL 16542106 (M.D. Tenn. Oct. 28, 2022) ........ 6

*Three Lakes Ass'n v. Whiting,*
255 N.W.2d 686 (Mich. App. 1977) ........ 6

*Tokidoki, LLC v. Fortun Dynamic, Inc.*,
2009 WL 2366439 (C.D. Cal. July 28, 2009) ........ 7

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*,
532 U.S. 23 (2001) ........ 2, 3

*TRW Fin. Sys. v. Unisys Corp.*,
835 F.Supp. 994 (E.D. Mich. 1993) ........ 5

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
382 U.S. 172 (1965) ........ 5

**Statutes**

15 U.S.C. § 1120 ........ 7

**TABLE OF EXHIBITS**

| Exhibit Number | Description |
|---|---|
| 1 | *Report Infringement*, Amazon, https://www.amazon.com/report/infringement/signin |
| 2 | Exhibits 127-152 to Anderson Declaration |
| 3 | Letter of Protest Submitted in U.S. Application No. 86600425 |
| 4 | April 11, 2024 Amazon Report Infringement Report for ASIN B0CTB7ZGYX (Global Products) |
| 5 | April 17, 2024 email from Amazon "Your Report of Rights Infringement on Amazon.com" for ASIN B0CTB7ZGYX (Global Products) |
| 6 | *ETS Express, Inc. v. Can't Live Without It, LLC*, Cancellation No. 92066213, TTABVUE 17 (TTAB Jan. 4, 2019) |

# I. ARGUMENT

## A. Counterclaims III, IV, and V –Cancellation of Trademark Registration

Global mischaracterizes Counterclaims III-V as "invalidity counterclaims." Opp. at 6. They are not. Those counterclaims seek *cancellation* of Ledge's federal trademark registration. ECF #20, at 76-80. *Steuben* is inapposite. Opp. at 6. *Steuben* stayed a motion to dismiss declaratory judgment of patent invalidity counterclaims; it did not find the counterclaims moot in view of affirmative defenses. *Steuben,* 2015 WL 1354911, at *2.

### 1. Counterclaim III – Trademark Cancellation Based on Genericness

The parties agree on the law—product configuration trade dress is generic if the public regards it as the "most basic form" of a particular item. Opp. at 13, quoting *Abercrombie & Fitch*, 280 F.3d at 638, ECF #25 at 13 (same). But, Global failed to plead that the public regards Ledge's trade dress as the "basic form" of "lounge furniture." *See* ECF #8, Ex. 1. Global asserts that "wave-shaped" lounge chairs are "commonplace," and a "well-known design," citing three lounge chairs between 1951 and 2008, Opp. at 7-8, but those allegations fail to show that the public regards the registered design as the "basic form" of "lounge furniture," i.e., "the image that appears in a person's head when he hears [lounge furniture]." *Abercrombie*, 280 F.3d at 639.

None of the cases Global cites support its assertion that "Ledge's argument misstates the law." Opp. at 9. *Bath & Body Works, Antioch,* and *Premium Balloon* are inapposite because they did not address whether a product configuration trade dress was generic. *Bath & Body Works,* 76 F.3d at 748 (whether *term* was generic found irrelevant); *Antioch,* 347 F.3d at 152 (addressing solely whether trade dress was *functional*); *Premium Balloon,* 573 F.App'x at 554 (addressing secondary meaning of an unregistered trade dress "rather than the elusive question of generic design."). *Ale House* applied the Fourth Circuit's law for generic trade dress, which differs from

the Sixth Circuit's law. *Ale House,* 205 F.3d at 142. Finally, Global cites a non-precedential decision from the Second Circuit. *Int'l Leisure,* 747 F.App'x 23 (2d. Cir. 2018).

**2. Counterclaim IV – Trademark Cancellation Based on Functionality**[1]

Global misapplies the law by arguing that Ledge Lounger's product configuration is not protectable as a trade dress because a lounge chair performs certain functions and "augments the usefulness of the product." *See* Opp. at 10-11 (e.g., body support, stackability, partial submergibility). A product feature is "functional" "when it is essential to the use or purpose of the device or when it affects the cost or quality of the device." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 33 (2001) (citing *Inwood*).[2] *DayCab*, cited by Global made clear: "while a product may serve a function, that does not render its specific features necessarily functional." *DayCab,* 67 F.4th at 848 . Although functionality is a question of fact, Global fails to allege facts to plausibly show that Ledge's wave-form configuration is "essential to the use or purpose" of lounge furniture. While ¶¶ 140 and 141 use the magic "essential or necessary" language, those are legal conclusions devoid of factual support, which the Court must reject. *Cleveland Fire Fighters,* 502 F.3d at 548. Indeed, numerous lounge chairs without a wave form design exist, *see* Ex. 2, at 5, 14, which proves the wave form configuration is ***not essential*** to use. *See DayCab*, 67 F.4th at 849 ("the existence of alternative designs" is relevant to functionality)

**3. Counterclaim V - Cancellation Based on Fraud**

Without any actual false statements by Anderson, there is no basis for cancellation based on fraud. Whether the statement that no features of the trade dress were "the subject of a … utility

---

[1] Global wrongly claims that Ledge's "motion to dismiss ignores the facts" relating to Global's functionality counterclaim. Opp. at 11. Ledge's brief does cite and quote the specific paragraphs in the amended counterclaim relating to allegedly functional features. ECF # 25, at 14.

[2] *TrafFix* court did not reject consideration of "non-reputation-related disadvantages" in the functionality analysis. Opp. at 11. To the contrary, the Supreme Court explicitly embraced it: "It is proper to inquire into a 'non-reputation-related disadvantage' in cases of esthetic functionality." *TrafFix*, 532 U.S. at 33.

patent" is actually false turns on the "subject" matter of the '975 Patent. Significantly, Global does not dispute that a patent's subject matter is defined by its *claims* and that the claims of the '975 Patent do *not* claim a feature of the registered trade dress. ECF # 25, at 18-19. This is important because patent *claims* drive the trade dress functionality analysis: "[a] utility patent is strong evidence that the features therein *claimed* are functional." *TrafFix,* 532 U.S. at 29 (finding dual spring trade dress was functional because expired patent claimed a dual spring). Global's fraud counterclaim, however, is devoid of any allegations regarding the *claims* of the '975 Patent. That "Anderson was an inventor on the patent," Opp. at 13, says nothing about the subject matter of the patent. Additionally, the patent statement cannot be "but-for" material because the examining attorney considered the '975 Patent prior to issuing Ledge's trade dress registration (*see* ECF #25, Ex. 3)[3] and was in position to disagree with Anderson's statement that the trade dress was *not* the subject of the '975 Patent or another patent. *See Solo Cup Operating Corporation v. Lollicup USA, Inc.*, 2017 WL 3581182, *3 (N.D. Ill. Aug. 8, 2017).

As to the statement the trade dress "was developed separate from the function of lounge and outdoor furniture," Global failed again to articulate why this statement is false. Instead, Global's brief merely points to allegations in the counterclaim alleging the statement is "contradicted" "by previous statements of Mr. Anderson and Ledge." *see* Opp. at 14, Counterclaims, ¶ 37. Nor does Global plausibly plead materiality of the statement. Global argues that the PTO refused registration based on functionality grounds but changed its mind after receiving the Anderson declaration demonstrates materiality. Opp. at 15. It does not. The trademark examiner considered not only the Anderson declaration but also Ledge publications with statements relating to "comfort," "body support," "submergible," and "contours"

[3] Global alludes to "extra-record materials," Opp. at 15 n. 2, but the Court may take judicial notice of public records of the PTO. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

accompanying a letter of protest. *See* ECF #25, Ex. 3, at 25, 30. The examining attorney reviewed all of this evidence, including the alleged functional aspects of Ledge's lounge chair, and issued the registration. Thus, Ledge's registration would have issued regardless of the alleged misrepresentations. Finally, functionality is not a proper basis for a claim of fraud on the PTO. *Northwestern Corp. v. Gabriel Mfg. Co., Inc.*, 1996 WL 251433, *5 (N.D. Ill. May 8, 1996).

**B. Counterclaim I – Tortious Interference**

Notably, Global's brief did not address its burden to prove that Ledge is the proximate cause of Global's alleged injury. ECF #25, at 7, 9-10; *Alar v. Mercy Mem. Hosp.*, 208 Mich. App. 518, 530 (1995). Indeed, Global fails to distinguish the Sixth Circuit's precedential *NOCO* decision holding a party was not the proximate cause of an injury due to an Amazon takedown request. *NOCO Co. v. OJ Commerce, LLC*, 35 F.4th 475, 476 (6th Cir. 2022). *NOCO* is indistinguishable here. While Global speculates that Amazon did *not* do an independent investigation, Opp. at 18, n. 3, Global must show a "right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Global makes a myriad of arguments regarding its tortious interference claim that miss the mark. First, Global failed to plausibly allege facts satisfying the sham exception to the *Noerr-Pennington* doctrine, which the Court may decide on a motion to dismiss. *J.M. Smucker Co. v. Hormel Food Corp.*, 526 F.Supp.3d 294, 308 (N.D. Ohio 2021). Ledge unquestionably had a good-faith belief that its registered trade dress is valid, enforceable and non-functional because the PTO granted it a registration for that trade dress. *See* ECF #25, at 8-9. And Ledge had a good-faith belief that Global infringed its trade-dress because an independent party, Amazon, found Global's product infringed. *See* ECF #25, Ex. 5. Second, neither the *TransWeb* nor the *TRW* case addressed whether fraud is an exception to the *Noerr-Pennington* for purposes of a tortious interference claim. Both cases addressed losing antitrust immunity. *TransWeb*, 812 F.3d at 1311; *TRW,* 835 F.

Supp. at 1012-15. Third, Global wrongly asserts that its counterclaim "alleges that Ledge claimed Global's product violate Ledge's *patent* rights." Opp. at 17. Global plead no such allegation. *See* ECF #25, at 9. Finally, the Sixth Circuit has not determined whether the *Noerr-Pennington* exception applies to take-down notices, but other courts have recognized it applies. *See e.g. Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 2014 WL 6452173, * 2-3 (W.D. Wash. Nov. 17, 2014). Even if the exception does not apply, Ledge's enforcement of its trade dress rights is a legitimate action that cannot support a claim for tortious interference. *Letica Corp. v. Sweethart Cup Co., Inc.*, 790 F. Supp. 702, 707 (E.D. Mich. 1992).

**C. Counterclaim VII – Attempted Monopolization**

Even under Global's *Walker Process* theory, Opp. at 22, Global must plead a plausible claim for attempted monopolization. *See Walker Process Equip.,* 382 U.S. at 177-78. Pointing out Global's failure to plead a relevant product and geographic market is not "nitpick[ing]," Opp. at 23, because relevant market allegations are *required* for a plausible attempted monopolization claim. *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 318 (6th Cir. 2015). Global's opposition asserts, for the first time a product and geographic market, Opp. at 23, but even these new allegations do not "clear the low bar" for stating a claim because Global's counterclaim is devoid of allegations regarding products having reasonable interchangeability or cross-elasticity of demand. ECF #25, at 24; *Nat'l Hockey League v. Plymouth Whalers*, 419 F.3d 462, 471-73 (6th Cir. 2005).[4] Although the relevant market definition is a fact-based inquiry, an "insufficiently pled or totally unsupportable proposed market" will necessitate a dismissal.

[4] Global's cases expose the deficiencies in its pleading. In *Regeneron*, the Amended Complaint proposed a relevant market and contained allegations including allegations of the lack of interchangeability and inelasticity of demand to support limiting the product to a single market. 96 F.4th 327, 338-41 (2d Cir. 2024). In *Procter & Gamble,* the defendant plead two plausible markets, including both the product market and the geographic market. 2013 WL 5353281, * 7 (S.D. Ohio Sept. 24, 2013).

*Michigan Division–Monument Builders of N. Am. v. Michigan Cemetery Ass'n*, 524 F.3d 726, 733 (6th Cir. 2008). Furthermore, Global ignores Ledge's arguments that Global failed to plead any allegations regarding Ledge's market strength and whether Ledge has a dangerous probability of achieving monopoly power. ECF # 25, at 25. This failure alone warrants dismissal.

**D. Counterclaim II – Abuse of Process**

Global fails to address the arguments Ledge made in its motion. Again, the independent act in the use of process cannot be the "wrongful initiation of criminal or civil proceedings," *Friedman v. Dozorc*, 412 Mich. 1, 30 (1981), but Global's allegations rely on the filing of the suit as the improper act. ECF #20, ¶¶ 117, 120. And success on Ledge's litigation goal—stopping Global's infringement—would dispose of the cancellation proceeding. *See* ECF #25, at 11-12.

Global argues that this case is "indistinguishable" from *Three Lakes*, but the facts of that case are distinguishable. In *Three Lakes*, the developers' improper acts in the course of the process included abusing the discovery process, refusing to abide by an agreement to settle the case, and conducting the lawsuit in an oppressive manner. *Three Lakes,* 255 N.W.2d at 689 . The developer's ulterior motive in using the litigation was to burden property owners with defending the litigation so as to interfere with the property owner's action opposing the developer's condominium project. *Id.* at 570. In contrast, Ledge filed suit to stop Global's infringement, which is consistent with settlement discussions, and not an improper act. *See Adell Broadcasting Corp. v. Panagos*, 2002 WL 31955126, * 2 (Mich. App. Dec. 17, 2002) (distinguishing *Three Lakes* finding "evidence concerning the settlement negotiations did not establish an improper act in the use of process."); *Partrich v. Farber*, 2009 WL 4947913, *7-8 (E.D. Mich. Dec. 14, 2009) (distinguishing *Three Lakes* because settlement demand consistent with objections and petition in probate court).

**E. Counterclaim VI – Fraudulent Registration Under 15 U.S.C. § 1120**

First, Ledge did not "ignore Global's allegations regarding economic damages." Opp. at 21-22. To the contrary, Ledge quoted Global's counterclaim and argued Global's allegations did not "clearly articulate" its injuries and constituted a bare legal conclusion. ECF # 25, at 22-23. Next, Global wrongly argues that damages under § 1120 includes attorney fees. Opp. at 21. *Tokidoki* is inapposite because it did not address a § 1120 claim; it addressed a trademark cancellation claim under § 1064. *Tokidoki,* 2009 WL 2366439, at *12. *New World* also does not support Global's argument, and actually weighs against Global's argument: "[i]t is insufficient for a defendant to claim it has been 'damaged in the amount of their legal fees and costs'" for a § 1120 claim. *New World*, 150 F.Supp.3d at 334. Finally, Global's argument has been rejected by the overwhelming majority of courts that have found attorney fees are not recognizable damages for a § 1120 claim. ECF # 25, at 22-23 (citing cases).[5]

**II. CONCLUSION**

For reasons set forth in its opening brief and herein, the Court should find that Global's Counterclaims fail to set forth plausible claims and should dismiss them.[6]

Dated: September 30, 2024 ATTORNEYS FOR PLAINTIFF, LEDGE LOUNGER, INC.

By: */s/ Matthew P. Becker*

John S. Artz (P48578)
DICKINSON WRIGHT LLC
350 S. Main Street, Ste. 300
Ann Arbor, MI 48104
Telephone: (248) 433-7262
jsartz@dickinsonwright.com

Scott A. Burow (IL Bar. No. 6242616)
Matthew P. Becker (IL Bar No. 6255614)
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
sburow@bannerwitcoff.com; mbecker@bannerwitcoff.com

[5] The exception in *New World* that fees could be awarded if a trademark registration was obtained solely to initiate vexatious litigation has been rejected by a court in this district, *Land Rover Ltd. v. Bombardier Recreational Prods., Inc.*, 2017 WL 2472851, at *1 (E.D. Mich. June 8, 2017). The exception also would be inapplicable because Ledge obtained its trademark registration before Global began infringing.

[6] Global improperly seeks sanctions under 28 U.S.C. § 1927 in an opposition brief in violation of LR 5.1 and LR 7.1. which require, *inter alia,* a separate motion and brief.

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2024, a true and accurate copy of PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM FOR RELIEF was filed with the court through its ECF filing system, thereby providing notice to all counsel of record.

*/s/ Matthew P. Becker*
Attorney for Plaintiff