UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LEDGE LOUNGER, INC., | |
| Plaintiff/Counterclaim Defendant, | Case No. 24-cv-11267 |
| v. | Hon. Thomas L. Ludington |
| GLOBAL LIFT CORP. d/b/a GLOBAL POOL PRODUCTS, | Magistrate Judge Patricia T. Morris |
| Defendant/Counterclaim Plaintiff. | |

| | |
|---|---|
| BANNER & WITCOFF, LTD.<br>By: Scott A. Burow<br>　　Matthew P. Becker<br>　　Christian T. Wolfgram<br>71 S. Wacker Dr., Ste. 3600<br>Chicago, IL 60606<br>(312) 463-5000<br>sburow@bannerwitcoff.com<br>mbecker@bannerwitcoff.com<br>cwolfgram@bannerwitcoff.com | KIENBAUM HARDY<br>VIVIANO PELTON & FORREST, P.L.C.<br>By: Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>tdavis@khvpf.com<br><br>TAFT STETTINIUS & HOLLISTER LLP<br>By: Thomas E. Bejin (P56854)<br>27777 Franklin Rd. Suite 2500<br>Southfield, Michigan 48034<br>(248) 351-3000<br>TBejin@taftlaw.com |
| Attorneys for Plaintiff/Counterclaim Defendant | Attorneys for Defendant/Counterclaim Plaintiff |

**Counterclaim Plaintiff Global Lift Corp.'s Motion to Compel re: Ledge Lounger's Untimely Responses to Requests for Admissions**

Counterclaim Plaintiff Global Lift Corp. ("Global"), by its counsel, moves this Court under Federal Rule of Civil Procedure 36(a)(3) and 36(a)(6) for an order declaring Counterclaim Defendant Ledge Lounger, Inc. ("Ledge") to have admitted Global's requests for admissions, and if not, to compel Ledge to serve answers. In support of the motion, Global states:

1. On August 30, 2024, Counterclaim Plaintiff Global served requests for admissions upon Counterclaim Defendant Ledge by first-class mail. Ex. A, Requests for Admissions. A courtesy copy was emailed the same day. *See* Ex. B.

2. Ledge did not serve a timely response. Its untimely response—which objected to every RFA—was served on October 4, 2024. *See* Ex. C, Ledge's Response.

3. Federal Rule of Civil Procedure 36(a)(3) provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Because Ledge did not serve timely responses, the Court should hold that Ledge has admitted to the requests.

4. In the alternative, should the Court hold that Ledge did not admit the requests by failing to serve a timely response, the Court should overrule Ledge's meritless objections and compel Ledge to serve answers.

-1-

5. Global sought Ledge's concurrence in this motion on October 4, 2024 and October 7, 2024. Ledge's counsel admitted that their response was untimely but indicated that Ledge would not consent to the requested relief, necessitating this motion.

6. For these reasons and those explained in its brief, Global requests that this Court hold that Ledge has admitted Global's requests for admissions. If it does not so hold, it should compel Ledge to serve answers as its objections are invalid.

                              Respectfully submitted,

                              KIENBAUM HARDY
                              VIVIANO PELTON & FORREST, P.L.C.

                              By: */s/Thomas J. Davis*
                                    Thomas J. Davis (P78626)
                              Attorneys for Defendant
                              280 N. Old Woodward Ave., Ste. 400
                              Birmingham, Michigan 48009
                              (248) 645-0000
                              tdavis@khvpf.com

Dated: October 10, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| LEDGE LOUNGER, INC., | |
| Plaintiff/Counterclaim Defendant, | Case No. 24-cv-11267 |
| v. | Hon. Thomas L. Ludington |
| GLOBAL LIFT CORP. d/b/a GLOBAL POOL PRODUCTS, | Magistrate Judge Patricia T. Morris |
| Defendant/Counterclaim Plaintiff. | |

| | |
|---|---|
| BANNER & WITCOFF, LTD.<br>By: Scott A. Burow<br>    Matthew P. Becker<br>    Christian T. Wolfgram<br>71 S. Wacker Dr., Ste. 3600<br>Chicago, IL 60606<br>(312) 463-5000<br>sburow@bannerwitcoff.com<br>mbecker@bannerwitcoff.com<br>cwolfgram@bannerwitcoff.com<br><br>Attorneys for Plaintiff/Counterclaim Defendant | KIENBAUM HARDY<br>VIVIANO PELTON & FORREST, P.L.C.<br>By:  Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>tdavis@khvpf.com<br><br>TAFT STETTINIUS & HOLLISTER LLP<br>By:  Thomas E. Bejin (P56854)<br>27777 Franklin Rd. Suite 2500<br>Southfield, Michigan 48034<br>(248) 351-3000<br>TBejin@taftlaw.com<br><br>Attorneys for Defendant/Counterclaim Plaintiff |

**Counterclaim Plaintiff Global Lift Corp.'s Brief in Support of Motion to Compel re: Ledge Lounger's Untimely Responses to Requests for Admissions**

## Statement of the Issues Presented

1. If a party does not serve a response to a set of requests for admission within 30 days, it is deemed to have admitted all the requests. Here, Ledge Lounger did not serve a timely response to Global's First Requests for Admission. Should the Court hold that Ledge has admitted each of the requests?

2. Global's requests for admission relate to its abuse of process counterclaim—that Ledge filed this lawsuit to coerce Global to dismiss a cancellation action pending before the USPTO. Because this abusive motive was disclosed in "settlement" discussions, Ledge untimely objected to these requests under Federal Rule of Evidence 408. Because Rule 408 does not prohibit use of such communications to prove motive in an abuse-of-process case, should the objections be overruled?

3. Ledge objected to two other requests for admission—related to Ledge's earlier conduct towards other competitors—by claiming that Global cannot rely on evidence of conduct predating service of this lawsuit in an abuse-of-process case. But the sole case Ledge relies on for that proposition, *Peisner v. Detroit Free Press*, holds just the opposite: pre-suit evidence *is* relevant to showing the "improper motivation" element of an abuse-of-process claim. Should Ledge's relevance objections be overruled?

## Introduction and Background

Shortly after Global filed a cancellation petition before the United States Patent and Trademark Office targeting Ledge's invalid, fraudulently-obtained trade dress registration, Ledge sued Global in the improper forum of the Southern District of Texas. It soon revealed its motivation for suing Global: coercion. It quickly offered to "settle" the S.D. Texas lawsuit, for no damages, if Global would dismiss the cancellation petition. And it appeared that Ledge had engaged in such a scheme before, with several lawsuits against other competitors that were quickly dropped, preventing judicial or administrative review of Ledge's trade dress.

As discussed in Global's recent 12(b)(6) response, those facts—if proven—establish an abuse of process tort. *See* PageID.1188-1190. So Global sent five simple requests for admission to Ledge: three asking Ledge to confirm its offer to dismiss the lawsuit, without payment of damages, in exchange for dismissal of the cancellation petition; and two seeking admissions that Ledge had resolved similar disputes with other competitors on the same basis. Ex. A.

The RFAs were served by first-class mail on August 30, 2024 (with a courtesy copy emailed the same day). *Id.* & Ex. B. Ledge needed to serve responses by October 3, 2024, but did not. Instead—a day after the deadline—it served a response consisting of brief objections citing Rule 408 or relevance. *See* Ex. C.  Global's first three requests for admission were as follows:

> **REQUEST NO. 1**: Admit that counsel for Ledge offered to dismiss the present matter, while it was still pending in the Southern District of Texas, without the payment of any money from Global to Ledge.
>
> **REQUEST NO. 2**: Admit that the offer made by Ledge's counsel identified in Request No. 1, above, would have required Global to dismiss its Petition to Cancel pending before the United States Patent and Trademark Office, Proceeding No. 92083609.
>
> **REQUEST NO. 3**: Admit that neither Ledge nor any of its agents (including its counsel) have proposed a resolution of the present matter that would allow Global to maintain its Petition to Cancel pending before the United States Patent and Trademark Office, Proceeding No. 92083609.

*See* Ex. A. Ledge's response to each of these was identical: "Ledge objects to this request because it seeks admissions as to compromise offers and negotiations which are inadmissible under Fed. R. Evid. 408." Ex. C.

The other two requests related to whether Ledge engaged in similar conduct with other parties:

> **REQUEST NO. 4**: Admit that Ledge or its agents (including its counsel) have resolved other disputes related to Ledge Lounger's registered trade dress (Registration No. 6932905) without payment of money to Ledge.
>
> **REQUEST NO. 5**: Admit that as part of the resolution of the dispute(s) identified in Request No. 4 above, Ledge or its agents (including its counsel) secured agreement from the opposing party to either refrain from challenging the validity of Ledge Lounger's registered trade dress or to dismiss pending validity challenges to that trade dress.

*See* Ex. A. Ledge's objection to each of these requests was identical: "Ledge objects to this request because it seeks an admission that is not relevant to any claim or defense in this case." Ex. C (citations omitted).

## Argument

Under Rule 36(a)(3), a request for admission is "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." And while a party may timely object to a request for admission, Rule 36(a)(6) states that the "requesting party may move to determine the sufficiency of an answer or objection." Upon such a motion, "[u]nless the court finds an objection justified, it must order that an answer be served." *See id.*

Here, Ledge's October 4, 2024 RFA responses were untimely, so the Court could simply hold that all the requests are admitted.[1] If not, Ledge's objections are meritless and the Court should compel answers.

---

[1] Under Rule 36(a)(3), responses to RFAs must be served within 30 days. Global's RFAs were served on Friday, August 30, 2024 by first-class mail, meaning that a response was due Thursday, October 3, 2024:

- The thirtieth day after service was Sunday, September 29, 2024. Because the last day was a Sunday, the due date would ordinarily have been Monday, September 30. *See* Fed. R. Civ. P. 6(a)(1)(C).

- Because the Requests for Admission were served via mail, "3 days are added after the period would otherwise expire," *i.e.*, Thursday, October 3, 2024. *See* Fed. R. Civ. P. 6(d).

### A. Federal Rule of Evidence 408 permits use of settlement evidence to prove a party's abuse of process.

In Michigan, an abuse of process claim requires proof that a party used a "proper legal procedure for a purpose collateral to its intended use," combined with evidence of some "corroborating act" that "demonstrates the ulterior purpose." *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 236 (6th Cir. 2020). The Michigan Court of Appeals has held this standard met through proof that a party filed a lawsuit for damages, and thereafter offered to settle the lawsuit—without damages—in exchange for dismissal of a separate proceeding. *Three Lakes Ass'n v. Whiting*, 255 N.W.2d 686 (Mich. App. 1977). That is what happened here, so Global asked Ledge to admit that it made such an offer to settle without damages (RFA #1) and that Ledge's offer required dismissal of a separate administrative action pending before the USPTO (RFA #2 and #3).

Ledge objected to these three RFAs citing Federal Rule of Evidence 408. That objection is meritless. Rule 408(a) provides only that settlement evidence is not admissible "either to prove or disprove the validity or amount of a disputed claim." *Id.* But Rule 408(b) expressly permits such evidence to be admitted "for another purpose," *id.*, including "proving a party's intent [or] motive." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 598 F. Supp. 3d 639, 646 (E.D. Mich. 2022) (citing cases). Courts thus routinely admit settlement communications as evidence of improper ulterior motivation in abuse-of-process cases—including in

-4-

*Three Lakes* itself, which cited settlement communications as proof of the tort. *See generally* 23 Wright & Miller, Fed. Practice & Procedure § 5314 (2d ed.) ("Rule 408(b) is also inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions").

For instance, in *Wine & Canvas Development, LLC v. Muylle*, 868 F.3d 534 (7th Cir. 2017), the court held that plaintiff's statements made in settlement negotiations over a trademark dispute were admissible by the defendant in support of an abuse-of-process counterclaim. *Id.* at 540. That was so because the evidence was offered not to disprove liability on the trademark claims but to show the "Plaintiff's improper intent and ulterior motive in filing their lawsuit." *Id.*

Likewise, in *Penn, LLC v. Prosper Business Development Corp.*, the court rejected a Rule 408 challenge to statements by the plaintiff's attorney submitted in support of an abuse-of-process counterclaim. 991 F. Supp. 2d 981, 986 (S.D. Ohio 2014). Again, Rule 408 did not apply because the defendant "did not use evidence of [the lawyer's] statements to prove or disprove the validity or amount of a disputed claim in this case," but "to demonstrate the ulterior motive underlying this lawsuit." *Id.* at 989.[2] *See also, e.g.*, *BTG Int'l Inc. v. Bioactive Labs*, 2016 WL

---

[2]*Penn* was reversed in part on other grounds by the Sixth Circuit. *See Penn, LLC*, 600 F. App'x 393, 399-400 (6th Cir. 2015). Notably, the Sixth Circuit held that settlement evidence "might support an abuse of process claim" by some of the parties, but held it irrelevant to one particular party's claim after a fact-specific

3519712, at *11 (E.D. Pa. June 28, 2016) (holding proposed settlement terms of patent dispute admissible for abuse-of-process claim when used to show "alleged improper use" of an administrative proceeding, not invalidity).

The same is true here: Global is not seeking these admissions to disprove its liability on Ledge's claims or disprove Ledge's damages. Instead, Global seeks to prove Ledge's improper ulterior motivation in filing this lawsuit for its abuse-of-process claims. Its Rule 408 objection is meritless and should be overruled.

**B.    Evidence of Ledge's conduct towards other competitors is relevant to establishing improper motive in this case.**

As further evidence of Ledge's improper ulterior motive, Global sought Ledge's admission that it had settled *other* disputes related to the same trade dress for no damages (RFA #4) and that those settlements likewise required the opposing party to forego validity challenges to Ledge's trade dress (RFA #5). If Ledge's conduct towards Global is part of a pattern of using infringement lawsuits as a tool to coerce competitors into ending trademark validity challenges, that would be powerful evidence of Ledge's improper motivation and ulterior motive here. *See* Fed. R. Evid. 404(b)(2) (evidence of other wrongs or acts admissible for proving, among other things, "motive," "intent," and "plan.").

---

analysis. *Id.* If anything, the Sixth Circuit implicitly confirmed the general rule stated above: relevant settlement evidence is admissible in abuse-of-process cases.

Ledge, notably, did not object to these RFAs under Rule 408. Instead, it argues only that the "acts of plaintiff prior to filing suit [are] irrelevant to abuse of process claim because there was no process to abuse prior to filing suit." Ex. C at 2 (citing *Peisner v. Detroit Free Press,* 68 Mich. App. 360, 366 (1976)). But *Peisner* held exactly the opposite: evidence of a party's conduct before filing suit was "relevant to show" the first element of an abuse of process claim—that is, the party "had an ulterior motive in instituting the initial action." *Peisner*, 68 Mich. App. at 366-67. *Peisner* held only that evidence arising before the lawsuit was filed did not establish the *second* element of the tort (an improper act after the suit was filed) and thus granted summary judgment. *Id.* at 367-68. Given that Ledge's authority does not support its relevance argument, the Court should similarly overrule the objections to RFAs 4 and 5.

## Conclusion

If the Court does not declare that Ledge's untimely RFA responses are deemed admitted, it should overrule Ledge's objections and require it to serve answers.

                                      Respectfully submitted,

                                      /s/*Thomas J. Davis*
                                      Thomas J. Davis (P78626)
                                      KIENBAUM HARDY
                                      VIVIANO PELTON & FORREST, P.L.C.
                                      280 N. Old Woodward Ave., Ste. 400
                                      Birmingham, MI 48009

                                          (248) 645-0000
                                          tdavis@khvpf.com

                                          Attorneys for Defendant/Counterclaim
                                          Plaintiff Global Lift Corp.

Dated: October 10, 2024

## Certificate of Service

I hereby certify that on October 10, 2024, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/Thomas J. Davis
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

545882